UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPENDRA BAHADUR CHHETRI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.:  3:26-cv-1589-CAB-SBC<br><br>**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Deependra Bahadur Chhetri's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 4 ("Petition").]  Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment, Immigration and Nationality Act, and the Administrative Procedure Act.  [*Id.* at 12–16.] He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker.  [*Id.* at 16–17.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is a citizen of Nepal who entered the United States without inspection near Calexico on December 27, 2024.  [*Id.* at 10.]  Petitioner was apprehended later that day by

immigration authorities and has remained continuously detained since then. [*Id.*] Petitioner was issued a Notice to Appear on February 5, 2025 and was placed into removal proceedings. [*Id.* at 11.] Petitioner has a pending application for asylum. [*Id.*]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

Petitioner argues that his prolonged detention without a bond hearing—over fifteen months—violates his Fifth Amendment right to due process. [Petition at 12–13.] Respondents counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), because Petitioner was present in the United States without being admitted or paroled. [Doc. No. 6 at 2.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the *constitutional question* of whether indefinite detention is permitted. *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026). This Court and many others have held that 8 U.S.C. § 1225(b) cannot justify practically indefinite civil detention. *See id.* (listing cases).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings

3:26-cv-1589-CAB-SBC

will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of the anticipated duration of all removal proceedings—including administrative and judicial appeals—Respondents have not provided Petitioner with a date for his next immigration proceeding or individual merits hearing. Accordingly, as no scheduled hearings indicates that his detention will continue into the future, the second factor weighs in favor of Petitioner. As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026). Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, Petitioner states that he speaks the Magar Kham language and his immigration proceedings were continued or delayed due to the unavailability of a Kham interpreter. [Petition at 11.] Respondents do not provide any explanation for the delays or argue that Petitioner contributed to the delay. [Doc. No. 6.] Given Respondents' lack of explanation for their own delay, the fourth and fifth factors weigh in favor of Petitioner. Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, three, four, and five weigh for Petitioner, while factor six is neutral. The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b) without a bond hearing violates his right to due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **May 7, 2026**. The Clerk of the Court shall close the case on May 11, 2026 unless the Court is notified that the bond hearing did not occur.

It is **SO ORDERED**.

Dated: April 23, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

4

3:26-cv-1589-CAB-SBC